IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEADFAST INSURANCE COMPANY, | No. CV: 05CV0126 JOE-SAJ |
| Plaintiff, | **AMENDED COMPLAINT** |
| v. | |
| GRAND RIVER DAM AUTHORITY and AGRICULTURAL INSURANCE COMPANY n/k/a GREAT AMERICAN ASSURANCE COMPANY | |
| Defendants. | |

COMES NOW, Plaintiff Steadfast Insurance Company ("Steadfast"), pursuant to 28 U.S.C. §§ 2201 and 2202 and Rules 3 and 57 of the Federal Rules of Civil Procedure, and for its claim of relief against Defendants Grand River Dam Authority ("GRDA") and Agricultural Insurance Company, now known as Great American Assurance Company ("Agricultural"), alleges and states as follows:

### PARTIES

1. Steadfast is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in the State of Illinois.

2. GRDA is a non-appropriated agency of the State of Oklahoma, created and existing pursuant to OKLA. STAT. tit. 82, § 861A(A), and subject to suit under OKLA. STAT. tit. 82, § 862 (l).

3.      Agricultural is an Ohio corporation with its principal place of business in Cincinnati, Ohio.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a)(1), as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2), as this is a civil action wherein jurisdiction is founded on diversity of citizenship and a substantial part of the events giving rise to the claim occurred in this judicial district..

## NATURE OF CLAIM

6.      This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, based on questions of actual controversy between the parties, asking the Court to declare the rights and legal relations arising from the below-listed Contracts of liability insurance Steadfast issued to GRDA.  GRDA has made a demand to Steadfast seeking coverage under the identified Contracts for flood-related claims asserted against GRDA by a number of third-parties (collectively "Claimants").  Steadfast disputes its coverage obligations for the claims asserted against GRDA, and Steadfast respectfully requests the Court enter a declaration of the rights and obligations of the parties with regard to the underlying claims.

## FACTS

7.      Steadfast issued the following insurance Contracts to GRDA:
- CC 6819817-00 for the period of May 16, 1993 to May 16, 1994
- SUO 6819817-01 for the period of May 16, 1994 to May 16, 1995

- SUO 6819817-03 for the period of May 16, 1995 to May 16, 1996

- SUO 6819817-04 for the period of May 16, 1996 to May 16, 1998

- SUO 6819817-05 for the period of May 16, 1998 to May 16, 2002

The foregoing insurance contracts issued by Steadfast will be referred to throughout this Amended Complaint as "the Contracts."

8.  Agricultural issued the following insurance contract to GRDA - Excess Liability Policy EXC 794-72-20 for the period of May 16, 1993 to May 16, 1994 ("Excess Policy").

9.  Under the Excess Policy, Agricultural agrees to indemnify GRDA "for that amount of ultimate net loss in excess of the Underlying Amounts or Retained Amount which [GRDA is] obligated to pay by way of [GRDA's] legal liability."

10. The "Underlying Amounts" referenced in the Excess Policy refer to the limits of liability under the Steadfast Contracts, or $10,000,000.00.

11. Based on the number and nature of the claims against GDRA, it is possible the ultimate net loss to GRDA will be in excess of the Underlying Amounts, triggering Agricultural's duty to indemnify under the Excess Policy. The alternative relief requested herein would then implicate the Excess Policy.

12. GRDA has provided Steadfast notice of the following lawsuits pending in the District Court of Ottawa County, Oklahoma: *Dalrymple, et al v. Grand River Dam Authority*, Case No. CJ-94-444 ("the Dalrymple Action"); *Allman, et al v. Grand River Dam Authority*, Case No. CJ-2001-381 ("the Allman Action"); *Wagoner, et al. v. Grand River Dam Authority, et al.*, CJ 94-140 ("the Wagoner Action"); and *Roberts v. Grand*

*River Dam Authority, et al.*, CJ-94-144 ("the Roberts Action") (collectively "the Underlying Actions").

13. The Underlying Actions allege injury to property and other harm arising out of numerous flood incidents beginning in or about November 1992 and continuing through the present day.

14. Claimants contend these floods were either caused or made worse by GRDA's administration and intentional raising of the Grand Lake water level behind the Pensacola Dam in 1992.

15. Claimants allege GRDA's intentional raising of the Grand Lake water level behind the Pensacola Dam in 1992 was for public purposes to increase electricity production and to prevent additional flooding downstream.

16. Claimants further allege GRDA knew additional flooding would occur if the Grand Lake water level behind the Pensacola Dam was raised, and such flooding was the expected and intended result of GRDA's actions.

17. Claimants allege several theories of recovery including negligence and various inverse condemnation claims, which allege the numerous incursions of flood waters constituted a taking for public purposes without just compensation.

18. Claimants seek damages for diminution in land value, costs and expenses to mitigate flood damage, lost revenue and income, damage to or loss of personal property, expenses incurred for alternate housing, just compensation for flowage easements or other taking compensation, attorney fees, costs, and interest.

19. GRDA has demanded Steadfast provide insurance coverage applicable to the Underlying Actions under one or more of the Contracts.

20.     Steadfast has agreed, under the terms of the Contracts and subject to a reservation of rights, to reimburse the reasonable and necessary defense costs GRDA incurs in defending against the Underlying Actions.

21.     Final judgments have been entered on two claims in the Dalrymple Action. GRDA has demanded Steadfast pay the full amounts of those final judgments, and, subject to a reservation of rights, Steadfast has tendered a portion of those judgments plus post-judgment interest into the District Court for Ottawa County, Oklahoma.

22.     GRDA has recently provided Steadfast a settlement demand from the seventy-four remaining plaintiffs in the Dalrymple Action, seeking to completely resolve the claims asserted therein.

### FIRST CAUSE OF ACTION
### Declaratory Judgment

23.     Steadfast re-alleges paragraphs 1 through 13 of this Amended Complaint as if fully set forth herein.

24.     Under the terms, conditions, provisions and exclusions of the Contracts, coverage for each of the claims asserted in the Underlying Actions is precluded in whole or in part for the following reasons:

(a)     Coverage under the Contracts is unavailable to the extent the Underlying Actions allege "property damage expected or intended from the standpoint of the insured;"

(b)     Coverage under the Contracts is barred to the extent the Underlying Actions do not allege an "occurrence" as defined within the Contracts;

(c) Coverage under the Contracts is barred to the extent the claims alleged in the Underlying Actions involve known-risks, pre-existing conditions, and/or losses in progress;

(d) Coverage under the Contracts is barred to the extent the Underlying Actions do not seek damages for "property damage" as defined within the Contracts;

(e) Coverage under the Contracts is barred to the extent the Underlying Actions do not seek damages for "personal injury" within the meaning of the Contracts;

(f) Coverage under the Contracts is barred or limited because no alleged "property damage" or "personal injury" occurred during the policy periods of any of the Contracts except CC 6819817-00 for the period of May 16, 1993 to May 16, 1994, as the intentional raising of the Grand Lake water level in 1992 was the cause from which all future flooding flowed;

(g) Coverage is barred under CC 6819817-00 to the extent the Underlying Actions do not allege any "personal injury" as the term is defined in the Contracts;

(h) Coverage is barred to the extent GRDA has failed to mitigate or minimize the potential exposure to damages or to defense or settlement costs, or otherwise has prejudiced Steadfast;

(i) Coverage is barred to the extent GRDA seeks coverage for the costs of compliance with any injunctive, restitutionary, or equitable relief, and/or preventive or prophylactic measures;

(j) Coverage is barred to the extent GRDA seeks coverage for punitive damages awarded against it;

(k) In addition to these specific contractual provisions, other terms, provisions, definitions, conditions and exclusions of the Contracts, as well as public policy, may also preclude or limit any obligation of Steadfast to GRDA with regard to the Underlying Actions.

25. On information and belief, GRDA disputes the applicability to the Underlying Actions of the various defenses and contract provisions set forth in Paragraph 24 above.

26. There exists between Steadfast and GRDA an actual controversy regarding the application and interpretation of certain terms of the Contracts to the allegations stated in the Underlying Actions.

27. No other legal action has been brought by Steadfast or GRDA to have adjudicated their respective rights and obligations under any of the Contracts with respect to the Underlying Actions and the claims alleged therein.

28. Steadfast is currently unable to know or judge its obligations, if any, to indemnify GRDA in connection with the Underlying Actions. Steadfast, therefore, requests a declaration of its rights and legal relations and a judicial interpretation of the rights and obligations of the parties under the Contracts identified in this Amended Complaint.

29. Steadfast has no adequate remedy by which this controversy may be resolved other than that which is requested by this Amended Complaint.

WHEREFORE, Steadfast seeks a declaration of the following:

1. Steadfast has no duty to indemnify GRDA in connection with the Underlying Actions described in this Amended Complaint;

2. In the alternative, if Steadfast has any duty to indemnify GRDA in connection with the Underlying Actions described in this Amended Complaint, such duty is limited to coverage as provided under Contract CC 6819817-00 for the period of May 16, 1993 to May 16, 1994;

3. That Steadfast be awarded such other and further relief as this Court deems just and proper.

Dated this 7th day of September 2005.

STEADFAST INSURANCE COMPANY,
Plaintiff

By: *[signature]*

Gerald P. Green, OBA #3563
Larry G. Cassil, Jr. OBA #14694
PIERCE, COUCH, HENDRICKSON,
BAYSINGER & GREEN, LLP
P.O. Box 26350
Oklahoma City, Oklahoma 73126
Telephone: (405) 235-1611
Facsimile:  (405) 235-2904