**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **STEADFAST INSURANCE COMPANY** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.   ) | Case No. 05-CV-0126-CVE-SAJ |
| ) | |
| **GRAND RIVER DAM AUTHORITY** ) | |
| **and AGRICULTURAL INSURANCE** ) | |
| **COMPANY n/k/a GREAT AMERICAN** ) | |
| **ASSURANCE COMPANY,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

Now before the Court are the motion to dismiss (Dkt. # 9) and the motion to dismiss cross claim (Dkt. # 30) filed by defendant, the Grand River Dam Authority ("GRDA"). On March 7, 2005, plaintiff, Steadfast Insurance Company ("Steadfast"), filed its complaint based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, claiming that the matter in controversy exceeds $75,000, exclusive of interest and costs. Dkt. # 2. Between 1993 and 2002, Steadfast issued insurance contracts to the GRDA. During that time, multiple claimants sued the GRDA for property damage and other harm arising out of flood incidents beginning in 1992.[1] Claimants allege that the GRDA intentionally raised the water in Grand Lake, knowing that flooding would occur. Damages sought by claimants are valued in excess of ten million dollars and include claims for just compensation, diminution in land value, and lost revenue. Steadfast seeks a declaratory judgment that it has no duty to indemnify the GRDA in connection with these underlying actions.

---

[1]   Steadfast identifies the following underlying actions in the District Court of Ottawa County, Oklahoma: <u>Allman, et al. v. GRDA</u>, Case No. CJ-2001-381; <u>Dalrymple, et al. v. GRDA</u>, Case No. CJ-94-444; <u>Roberts v. GRDA, et al.</u>, Case No. CJ-94-144; and <u>Wagoner, et al. v. GRDA, et al.</u>, Case No. Case No. CJ-94-140.

Steadfast amended its complaint on September 7, 2005 to add Agricultural Insurance Company n/k/a Great American Assurance Company ("Great American") as a defendant. Dkt. # 5. On November 1, 2005, Great American filed a cross claim also seeking declaratory judgment against the GRDA. Dkt. # 19. The GRDA moves to dismiss all claims against it for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) on the basis of sovereign immunity. Steadfast and Great American argue that the GRDA is not entitled to immunity because it is not an arm of the state, declaratory relief is sought, and the GRDA waived immunity when it attempted to remove other lawsuits to federal court.

## I.

Federal courts are courts of limited jurisdiction and, as the parties seeking to invoke federal jurisdiction, Steadfast and Great American bear the burden of proving such jurisdiction is proper. See Southway v. Central Bank of Nigeria, 328 F.3d 1267, 1274 (10th Cir. 2003). A court lacking jurisdiction "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss under Fed. R. Civ. P. 12(b)(1) "generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Bus. Fin. Servs, Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation and quotations omitted). The GRDA's challenge is a facial attack on the "sufficiency of the . . . allegations as to subject matter jurisdiction" and does not require resolution of an aspect of the

substantive claims. See Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002). Therefore, the Court must assume as true the allegations of the amended complaint and cross claim. Id.

**II.**

The GRDA asserts that the amended complaint and cross claim are facially insufficient in that they fail to plead claims over which federal courts have been granted jurisdiction. "As a general rule, a complaint is sufficient [under Fed. R. Civ. P. 8(a)(2)] if it sets forth 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" U.S. v. Missouri-Kansas-Texas R. Co., 273 F.2d 474, 476 (10th Cir. 1959) (quoting Conley v. Gibson, 355 U.S. 41 (1957)). The GRDA argues that it is entitled to sovereign immunity under the Eleventh Amendment, which provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. The Eleventh Amendment renders a state "immune from suits[2] brought in federal courts by her own citizens as well as citizens of another State." Higganbotham v. State of Oklahoma, ex rel. Oklahoma Transp. Comm'n, 328 F.3d 638, 644 (10th Cir. 2003) (quoting Edelman v. Jordan. 415 U.S. 651, 662-63 (1974)). To assert sovereign immunity, a defendant must qualify as a state or an "arm of the state." See Reames v. State of Oklahoma, ex rel. Oklahoma Health Care Auth., 411 F.3d 1164, 1167 (10th Cir. 2005); Korgich v. Regents of New Mexico Sch. of Mines, 582 F.2d 549, 551 (10th Cir. 1978).

---

[2] Eleventh Amendment immunity is not limited to suits involving money judgments. Higganbotham v. State of Oklahoma, ex rel. Oklahoma Transp. Comm'n, 328 F.3d 638, 644 (10th Cir. 2003) ("The Eleventh Amendment expressly applies to suits seeking injunctive and declaratory relief.").

3

In determining whether an action brought against a governmental entity is actually a suit against the state within the meaning of the Eleventh Amendment, the Court must decide whether the GRDA is more like a political subdivision or an alter ego of the state. Sturdevant v. Paulsen, 218 F.3d 1160, 1162 (10th Cir. 2000). To facilitate this determination, the Tenth Circuit Court of Appeals has identified the following factors:

> (1) the characterization of the governmental unit under state law; (2) the guidance and control exercised by the state over the governmental unit; (3) the degree of state funding received; and (4) the governmental unit's ability to issue bonds and levy taxes on its own behalf.

Id. at 1166 (citations omitted). Applying the Sturdevant factors to the GRDA, the Court finds that the GRDA is an "arm of the state" and entitled to Eleventh Amendment immunity.

First, Oklahoma law characterizes the GRDA as a governmental agency. Okla. Stat. tit. 82, § 861; Mustain v. Grand River Dam Auth., 68 P.3d 991, 998 (Okla. 2003) ("The legislature has declared the Authority to be 'a governmental agency of the State of Oklahoma.'"). Second, the State of Oklahoma exercises considerable control over the agency. The GRDA is governed by a seven-member Board of Directors, the members of which are appointed by the Governor, the President Pro-Tempore of the Oklahoma State Senate, and the Speaker of the House of Representatives. Okla. Stat. tit. 82, § 863.2(F). "Any director or designee may be removed for just cause by the Governor." Id. § 863.2(M). Further, GRDA employees are designated as state employees. Id. § 861A(A). Third, "[a]ll funds generated, received and expended by the [GRDA] are public funds and subject to state laws and regulations governing the receipt and expenditure of public funds in the same manner as all other state agencies." Id. § 861A. Fourth, the GRDA may not levy or collect taxes, but it does have the power to issue bonds. Id. § 862(q). In Sturdevant, the defendant was similarly limited with regard to levying taxes but authorized to issue bonds, and the Tenth Circuit found it was

4

entitled to Eleventh Amendment immunity. Sturdevant, 218 F.3d at 1170. Accordingly, an analysis of the pertinent state law supports the finding that the GRDA is not an autonomous political subdivision but rather an alter ego of the state.

The Court finds that Steadfast and Great American have failed to establish subject matter jurisdiction. Federal district courts do not have jurisdiction over states or arms of the state absent a valid waiver of sovereign immunity. See Sutton v. Utah State Sch. for Deaf and Blind, 173 F.3d 1226, 1233 (10th Cir. 1999). Steadfast and Great American argue that the GRDA waived its immunity when it removed a separate, yet allegedly related, lawsuit. See Dalrymple v Grand River Dam Auth., 145 F.3d 1180 (10th Cir. 1998). While removal to federal court by a state agency may act as a waiver of immunity, Lapides v. Bd. of Regents of the Univ. Sys. of Georgia, 535 U.S. 613 (2002), the "waiver-by-removal" doctrine does not extend beyond the case in which the state entity sought removal. "As a general rule, '[i]n the absence of an unequivocal waiver specifically applicable to federal-court jurisdiction, we decline to find that [the State] has waived its constitutional immunity.'" Sutton, 173 F.3d at 1233 (citation omitted). The GRDA has not voluntarily invoked the jurisdiction of the Court. The Court finds there was no waiver in this case[3] and the Eleventh Amendment precludes a federal court from hearing this case on its merits.

---

[3] Consent to be sued in state court is not sufficient to constitute a waiver of Eleventh Amendment immunity. See Florida Dept. of Health & Rehab. Servs. v. Florida Nursing Home Ass'n, 450 U.S. 147, 149-50 (1981); State ex rel. State Ins. Fund v. JOA, Inc., 78 P.3d 534, 537 (Okla. 2003) ("Statutory language stating a state entity's ability to 'sue and be sued' refers to the power of the agency to prosecute and defend actions in state courts where those actions are not barred by sovereign immunity.") (citing Mustain v. Grand River Dam Auth., 68 P.3d 991, 999 (Okla. 2003)).

### III.

**IT IS THEREFORE ORDERED** that the GRDA's motion to dismiss (Dkt. # 9) and the GRDA's motion to dismiss cross claim (Dkt. # 30) are **granted**.  The GRDA is terminated as a party to this action.

**DATED** this 21st day of July, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT